**Joan WAINWRIGHT,**
**Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND**
**HUMAN SERVICES,**
**Defendant–Appellee.**

**No. 90–55021.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1991.

Memorandum May 2, 1991.

Order and Opinion July 23, 1991.

Martin Taller, Anaheim, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Michael R. Power, Dept. of Health & Human Services, San Francisco, Cal., for defendant–appellee.

Before NORRIS, HALL and TROTT, Circuit Judges.

## ORDER

The request for publication is GRANTED. The memorandum disposition filed May 2, 1991, is revised and expanded and designated as an authored opinion by Judge Trott.

## OPINION

TROTT, Circuit Judge:

Joan Wainwright appeals summary judgment in favor of the Secretary of Health and Human Services ("Secretary"), who denied her application for disability benefits. We affirm the initial denial of benefits. We remand, however, to the district court with instructions to remand to the Secretary for consideration of new evidence submitted to the district court. The new evidence only became available due to recent advances in medical technology, and hence there was good cause for Wainwright's failure to introduce the evidence earlier.

### I

Wainwright injured her neck and spine during a car accident in January 1987. She filed a claim for disability benefits with the Social Security Administration, alleging she had been totally disabled since the accident. She asserted she was unable to do any type of work, due to neck pain that prevented her from sitting, standing or walking for more than a few minutes at a time.

The Administrative Law Judge ("ALJ") found that Wainwright's asserted degree of disability was not supported by objective medical evidence, and found her assertions of severe pain not credible. The ALJ noted that Wainwright's claimed level of disability was "based primarily on the clamant's [sic] subjective complaints and is not entitled to great weight, as the documentary evidence presented by the doctor shows only mild bulging discs" and other mild injury. The ALJ conducted a detailed review of medical reports and testimony regarding Wainwright's daily activities, and found that she retained the residual capacity to do light work and therefore was ineligible for benefits.

Wainwright appealed this decision to the district court. Both parties moved for summary judgment. After oral argument, Wainwright moved to remand the case

based on new evidence. She presented a recently obtained magnetic resonance imaging ("MRI") scan that her treating physician, Dr. John W. Conley, interpreted as showing a disc fragment in her spine. A previous MRI scan, submitted to the ALJ, had not shown the fragment. Dr. Conley stated in a letter to the district court that the newly visible fragment could be explained as follows:

> I was informed that the technique had been changed in [the] scanning equipment and that the software had been altered, and the method of scanning improved so as to provide [a] much higher degree of fine imaging. It is therefore reasonable to believe that the fragment ... may well have been there [earlier] but was not discernible at that time, becoming so because of the improved technique.

The physician who performed the new MRI scan, Dr. Robert D. Sostrin, diagnosed Wainwright as suffering from degenerative disc disease and noted disc space narrowing associated with a mildly extruded disc. The district court denied the motion for remand, finding the new evidence not material, and granted the Secretary's summary judgment motion.

## II

■ Wainwright appeals the Secretary's determination, affirmed by the district court, that she retains the capacity to do light work and therefore is not disabled. Because we find the ALJ properly examined and analyzed the evidence before him, we affirm the initial denial of benefits.

■ We review de novo the judgment of the district court. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir.1990). The Secretary's denial of benefits will be affirmed if "supported by substantial evidence and the Secretary applied the correct legal standards." *Id.*

The ALJ reviewed the medical evidence, Wainwright's testimony regarding her disability and her daily activities, testimony of Wainwright's family regarding her limitations and activities, and evaluated her credibility. In discounting her complaints of pain, the ALJ specifically compared her asserted degree of pain with objective medical evidence and found her complaints unsupported. We conclude that the ALJ's thorough review and detailed, well-supported findings complied with the relevant case law. *See Varney v. Secretary of Health & Human Servs.*, 846 F.2d 581, 584 (9th Cir.1988) (ALJ must make specific findings to support rejection of claimant's subjective pain testimony); *Gonzalez*, 914 F.2d at 1201 (ALJ must link claimant's daily activities to ability to perform work, in assessing residual work capacity); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (ALJ must state specific, legitimate reasons, based on substantial evidence, for disregarding treating physician's opinion).

## III

■ Wainwright also claims the district court erred in failing to remand to the Secretary in light of the new MRI scan, arguing that the scan was relevant to her condition when the ALJ considered her claim. We agree that the district court abused its discretion in failing to remand, and we reverse. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir.1990).

■ Remand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier. *Embrey*, 849 F.2d at 423; *see* 42 U.S.C. § 405(g) (1988). We conclude that Wainwright has satisfied both the materiality and good cause requirements.

■ To meet the materiality standard, the "new or additional evidence offered must bear directly and substantially on the matter in dispute." *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982). In denying the motion to remand, the district court concluded that the new MRI scan failed "to link the detailed findings set forth therein with Plaintiff's condition at the time of the administrative proceeding. This new evidence was not, and could not, be material to the Secretary's decision when the case was before him." We disagree. The new

MRI scan is relevant to Wainwright's condition at the time of her hearing before the ALJ because Dr. Conley specifically stated that he believed the fragment "may well have been there" earlier, but could not be detected due to the state of MRI technology.

The significance of the new MRI scan is that it may provide a medical basis for Wainwright's allegations of disabling pain. Moreover, the existence of pain may provide proof that the fragment *was* present, albeit undetected, during the period in question. The basis for the ALJ's denial of benefits was that he found Wainwright's allegations of pain to be unsupported by the medical evidence. Because the new MRI scan may provide a medical basis for her allegations, it has a reasonable possibility of changing the ALJ's determination. *See Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1381 (1984).

■ We find also that Wainwright has shown good cause for her failure to submit this evidence to the ALJ with her initial application. "A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied." *Clem*, 894 F.2d at 332. However, where the new evidence was unavailable earlier, good cause is shown. *Embrey*, 849 F.2d at 423–24. New medical evidence that becomes available due to improvements in technology meets the good cause standard, and shall be considered if it also meets the materiality requirement. The MRI scan that revealed the fragment in Wainwright's spinal cord was possible only due to an improvement in technology, and hence her failure to introduce it earlier is excused.

We remand to the district court with instructions to remand to the Secretary for consideration of the new MRI scan and accompanying reports. The parties shall bear their own costs of appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.