968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael MYERS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, of Health and Human Services,
Defendant-Appellee.
 No. 91-15549.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided July 15, 1992.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-87-03836-EFL, Eugene F. Lynch, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Michael Myers filed applications for disability insurance benefits and supplemental security income benefits under the Social Security Act, alleging disability due to posttraumatic stress disorder. The ALJ denied the application and the District Court granted the Secretary's motion for summary judgment. Myers now appeals, arguing that the ALJ's findings regarding his mental impairment and his residual functional capacity were not supported by substantial evidence. We affirm the decision of the District Court.
 
 
 3
 It is undisputed that Myers is a physically fit forty-two year old man who runs three miles a day, works out several times a week, watches television, reads and has taken up golf. He is a high school graduate with about two years of college education, and maintains and advertises an office for his business as a physical fitness trainer. Myers claims, however, that his posttraumatic stress syndrome resulting from his combat service in Vietnam so disables him mentally that he cannot earn a living.
 
 
 4
 The administrative law judge found that Myers was not disabled within the meaning of the Social Security Act. Essentially, Myers has difficulty working with people and accepting authority. Even assuming that Myers could not perform his past work as a fitness consultant, the ALJ found Myers was able to perform unskilled jobs such as housekeeping, dishwashing, gardening and groundskeeping, and that 22,000 such jobs existed in the state of California alone. On appeal, the District Court granted summary judgment to the Secretary, which we now review de novo. Wainwright v. Secretary of Health & Human Services, 939 F.2d 680, 682 (9th Cir.1991). We may not disturb the Secretary's decision to deny benefits, where it was supported by substantial evidence. 42 U.S.C. § 405(g); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 5
 Myers first argues that he qualifies for disability under Section 12.04 of the Listing of Impairments ("Listings"), 20 C.F.R. Part 404, Subpart P, App. 1. He did not raise this argument in District Court, and shows no exceptional circumstances to justify presenting it on appeal, so we do not consider this argument. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988). For the same reason, we decline to consider his argument that the ALJ's finding regarding his residual functional capacity was not supported by substantial evidence.
 
 
 6
 Myers argues that there was no substantial evidence to support the ALJ's determination that he did not meet the criteria for anxiety related disorders under section 12.06 of the Listings. 20 C.F.R. Part 404, Subpart P, App. 1. The Administrative Law Judge was satisfied that "claimant has a personality disorder emanating from a posttraumatic stress disorder," but was not satisfied that Myers's emotional impairment would prevent him from working, and found that his "daily activities and life-style contradict his allegations as to his inability to maintain any structured activity such as substantial gainful activity."
 
 
 7
 There was substantial evidence on the whole record supporting the ALJ's finding. Myers had and claimed no physical disabilities. His various relationships with women, including a live-in relationship of ten years, contradicted his claim of a severe inability to interact with other people. His efforts to maintain and advertise an office for his business as a personal fitness consultant showed that Myers perceived himself as being able to work. The medical testimony presented by Myers as evidence of a disability was contradicted by other evidence to the contrary. The Secretary persuasively argued that Myers did not prove that he met at least two of the four subsection (b) criteria, as required under section 12.06 of the Listings.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3