977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara R. MEYERS, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 90-15232.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Meyers brought an action in district court pursuant to 42 U.S.C. § 405(g) seeking review of a decision of the Secretary of Health and Human Services denying her claim for social security disability benefits. The district court granted summary judgment in favor of the Secretary and denied Meyers's motion to remand for a consideration of new evidence.
 
 
 3
 On appeal, Meyers argues that the district court erred in declining to remand her claim. Meyers also submits additional new evidence to this court and contends that a remand to the Secretary is warranted for a consideration of this new evidence as well. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we now affirm the district court and decline to order a remand.
 
 
 4
 "Remand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." Wainwright v. Secretary of Health and Human Servs., 939 F.2d 680, 682 (9th Cir.1991). The district court declined to remand for a consideration of Dr. Jessup's report because it determined that the new evidence did not satisfy the materiality requirement. The district court's decision was not an abuse of discretion. See id. (reviewing district court's failure to remand for abuse of discretion); Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990) (same).
 
 
 5
 "To meet the materiality standard, the 'new or additional evidence offered must bear directly and substantially on the matter in dispute.' " Wainwright, 939 F.2d at 682 (quoting Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir.1982)); see also Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984). This standard is satisfied where there is a reasonable possibility that the new evidence would have changed the Secretary's decision. Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir.1984). "The question of materiality of the new evidence is one of law reviewed de novo by this court." Id. at 1380.
 
 
 6
 Dr. Jessup's report was based on an examination which took place eleven months after the period of claimed disability at issue, and Dr. Jessup's diagnosis of chronic Epstein-Barr virus was tentative. The mere diagnosis itself does not demonstrate that Meyers's condition was so severe as to be disabling prior to September 30, 1986, the date of the expiration of her insured status under the Social Security Act. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (claimant "must demonstrate he was disabled prior to his last insured date.... The burden of proof on this issue is on the claimant."). Thus, "the new evidence does nothing more than give a name for the constellation of complaints already reviewed by the ALJ." District Court Memorandum and Order at 7.
 
 
 7
 Furthermore, the absence of a diagnosis (subsequently provided by Dr. Jessup) was not the only reason for the ALJ's decision. At least three examining doctors--Ruskeld, Lorber, and Eaton--noted a lack of objective findings to show a medical disability. Given the equivocal nature of Dr. Jessup's report, coupled with the other medical evidence, the district court did not err when it concluded that "nothing suggests that there is a reasonable possibility that the new evidence would change the Secretary's decision." Memorandum and Order at 8.
 
 
 8
 Meyers also presents for the first time two additional pieces of evidence--an October 12, 1990 SSI Notice of Disapproved Claim, and an August 12, 1991 report from Dr. Layzar. We conclude that neither piece of evidence satisfies the materiality requirement, and that a remand is thus unnecessary.
 
 
 9
 The Notice of Disapproved Claim states that Meyers was "disabled in April 1990 on." The fact that Meyers applied for SSI benefits and was deemed disabled as of April 1990, however, has no bearing on whether she was disabled prior to September 1986, the period relevant to this appeal. The Notice accordingly does not "bear directly and substantially on the matter in dispute." Wainwright, 939 F.2d at 682.
 
 
 10
 Dr. Layzar's August 1991 report concludes that the most likely diagnosis of Meyers's ailment is Charcot-Marie-Tooth disease. His examination revealed, among other things, that "below [Meyers's] knees there was complete paralysis except for trace inversion and eversion of the ankles and fair strength of the gastrocnemius muscles." Dr. Lazar also noted that Meyers suffers from "a severe sensory and motor polyneuropathy affecting the upper and lower extremities, worse in the lower extremities." Additionally, "[i]n the past three or four years [Meyers] has noticed weakness of the hands and bilateral foot drop, which has continued to worsen steadily. The numbness has gradually ascended to the mid-forearms and to the knees."
 
 
 11
 Dr. Layzar's report is not material because it does not discuss or evaluate Meyers's condition prior to September 1986. The report merely indicates that Meyers is suffering from a disease which has steadily worsened over the years, and which had achieved a serious state by August 1991. Accordingly, the report does not bear directly and substantially on the matter in dispute--Meyers's condition prior to September 1986--and the report thus does not create a reasonable possibility that the Secretary would change his position.
 
 
 12
 The district court is AFFIRMED and the request for a remand is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3