5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jean SCARPATI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-55144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 23, 1993.
 
 1
 Appeal from the Unites States District Court for the Central District of California, No. CV 91-2385-E; Charles F. Eick, Magistrate Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING, FARRIS and KELLY,** Circuit Judges.
 
 
 5
 MEMORANDUM***
 
 
 6
 Plaintiff-appellant Jean Scarpati appeals the district court's denial of her motion to remand this action to the Secretary of Health and Human Services for consideration of new evidence concerning her disability claim. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we affirm.
 
 Background
 
 7
 Ms. Scarpati is diagnosed with dyshydrotic eczema (pompholyx) on her hands. This condition causes a painful burning rash, often accompanied by fissures in the skin, bleeding, and lichenification. Ms. Scarpati brought a claim for disability benefits and supplemental security income under the Social Security Act. Her claim was denied, as was her request for reconsideration. A hearing was held before an administrative law judge on May 3, 1990. The ALJ heard from the Plaintiff and a medical expert, and examined the records of Plaintiff's treating and consulting physicians. The ALJ found that Ms. Scarpati retained the residual functional capacity to perform her work and, therefore, denied the disability claims. Ms. Scarpati sought review before the Appeals Council. The Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Secretary.
 
 
 8
 Ms. Scarpati filed a pro se complaint in the district court. Her complaint sought a remand to the ALJ based on new evidence demonstrating that she is disabled and alleged that the Secretary failed to develop a complete administrative record. The parties consented to proceed before a federal magistrate judge. The court denied the motion for remand, determining that Ms. Scarpati had demonstrated neither the materiality of the new evidence nor good cause for failing to introduce the new evidence in the administrative proceedings.
 
 Discussion
 
 9
 42 U.S.C. Sec. 405(g) allows a district court to order additional evidence to be taken before the Secretary regarding a disability claim, but only upon a showing that there is new evidence which is material and that there was good cause for the failure to incorporate the new evidence into the record in a prior proceeding. We review the court's denial of the motion to remand for an abuse of discretion, notwithstanding the fact that the magistrate dismissed Plaintiff's claim as he granted summary judgment. See Wainwright v. Secretary of Health and Human Serv., 939 F.2d 680, 682 (9th Cir.1991); Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990).
 
 
 10
 The court did not abuse its discretion in determining that Ms. Scarpati had not demonstrated good cause for the failure to introduce the new evidence. The new evidence concerned Ms. Scarpati's ongoing psychological problems. She argues that the new evidence was unavailable at the time of the administrative proceedings. However, the evidence was only unavailable at the time of the ALJ's decision because Ms. Scarpati made no attempt to present this information to the ALJ. The cases cited by Ms. Scarpati involve factual situations in which the evidence could not have been introduced at the time of the administrative proceedings. Such cases are readily distinguishable from cases, such as this, where a plaintiff either made no effort to assemble the evidence at the administrative hearing or chose not to introduce the evidence.
 
 
 11
 Ms. Scarpati argues that she did not bring this information before the ALJ due to embarrassment over the fact that she suffered from depression and was receiving psychological counseling. No authority supports the proposition that embarrassment alone can constitute good cause for a failure to bring evidence before an ALJ. As the court noted, all physical impairments and disabilities have some element of embarrassment or shame associated with them. Permitting a remand whenever embarrassment is alleged would therefore allow almost every litigant a second round of administrative hearings. Although we do not foreclose the possibility that a litigant could demonstrate embarrassment sufficient to constitute good cause for a failure to introduce evidence, the court did not abuse its discretion in concluding that Ms. Scarpati has not demonstrated good cause in this case. Since we find that she did not demonstrate good cause for the failure to introduce the evidence in the administrative hearing, we need not address the materiality of the information.
 
 
 12
 Ms. Scarpati also argues that the ALJ failed to fully develop the record. An ALJ has a duty to fully and fairly develop the record in order to protect the interests of an applicant for disability benefits. Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir.1992). Here, the ALJ reviewed the medical evidence, heard claimant's testimony regarding her condition and her daily activities, heard testimony from Dr. Grodan, and was in a position to assess the credibility of the witnesses and of the documentary evidence. Although Ms. Scarpati mentioned that depression and agitation accompany her skin condition, the evidence before the ALJ did not give rise to a duty to investigate her current claim that her psychological, rather than her physical condition, is the source of her disability. See Wainwright, 939 F.2d at 682.
 
 
 13
 Finding no reversible error, Ms. Scarpati's request for attorney's fees is moot. See 28 U.S.C. Sec. 2412(d).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3