116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Suzanne E. SOUTH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 96-35728.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997*
Decided June 9, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV-95-00057-RWA; Richard W. Anderson, Magistrate Judge, Presiding.
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Suzanne South appeals the district court's summary judgment in favor of the Commissioner in South's action brought pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the Commissioner's denial of her application for disability insurance benefits. South alleged disability due to a lower back injury she sustained in 1986. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's summary judgment upholding a denial of benefits. See Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir.1995). We will affirm the decision if substantial evidence supports the findings of the administrative law judge ("ALJ") and the ALJ applied the correct legal standards. See Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam).
 
 
 4
 South contends that the ALJ's determination that she retained the residual functional capacity to perform light work is not supported by substantial evidence because the ALJ improperly discounted the severity of her pain. This contention lacks merit.
 
 
 5
 Before the ALJ considers the severity of a claimant's pain, the claimant must present objective evidence of a medical impairment. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). The ALJ may discredit a claimant's testimony about the severity of pain only if the ALJ makes specific findings that are supported by the record. See Moncada, 60 F.3d at 524. The ALJ may consider a number of factors such as the nature of the pain, aggravating factors, pain medication and treatment, functional restrictions, and the claimant's daily activities. See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir.1992).
 
 
 6
 Here, South presented evidence that she was suffering from a medical impairment likely to cause physical pain. Nonetheless, the ALJ found that South's testimony about the severity and frequency of her pain was "not accepted as fully credible." In making this determination, the ALJ considered appropriate factors. See id. First, the ALJ found that South's daily activities were not highly restricted. In addition, the ALJ found that South had been employed part-time and that she had engaged in vocational training programs, such as massage therapy school, which were inconsistent with her claims of disabling pain. Next, the ALJ properly identified contradictions within South's testimony, see Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1995), particularly regarding South's use of pain medication, and her alleged inability to concentrate. Finally, the ALJ noted that one of the examining physicians had expressed concern that South may have "learned pain behavior" and should be in a pain clinic. Thus, we conclude that the ALJ provided specific, legitimate reasons for rejecting South's complaints of severe pain. See Moncada, 60 F.3d at 524; Drouin, 966 F.2d at 1258-59.
 
 
 7
 South contends that the Appeals Council erred by failing to consider new evidence. This contention lacks merit.
 
 
 8
 The Appeals Council will review the case only when new and material evidence is submitted and it determines that the ALJ's decision is contrary to the weight of evidence currently in the record. See Russell v. Bowen, 856 F.2d 81, 84 (9th Cir.1988). Here, the Appeals Council properly concluded that the new evidence submitted by South was not material as it did not pertain to whether South was disabled prior to the last date of her insured status, and the ALJ's decision was not contrary to the weight of the evidence in the record. See id. (declining to review the ALJ's decision where the new evidence "adds nothing of substance to the record.").
 
 
 9
 South also contends that the district court erred by denying her motion to remand to the ALJ in order to consider new evidence. This contention lacks merit. We review for abuse of discretion the district court's denial of petitioner's request for remand based upon new evidence. See Wainwright v. Secretary of Health & Human Servs., 939 F.2d 680, 682 (9th Cir.1991).
 
 
 10
 In order to merit remand by the district court, South was required to show that the new evidence was material and that she had good cause for failing to incorporate it into the record in the prior proceedings. See Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir.1984). New evidence is material if there is a reasonable possibility that it would have changed the outcome of the ALJ's determination. See Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir.1984).
 
 
 11
 At the district court, South submitted for the first time copies of correspondence among her attorney and several physicians as well as a prescription for physical therapy, all dated after the ALJ's July 29, 1994 decision. This new evidence did not include a statement from South's physicians indicating that South had a disability during the relevant time period. Rather, we agree with the district court that it is equally possible to infer from this new evidence that South's condition had simply deteriorated. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1461 n. 4 (9th Cir.1995). Because it is not a reasonable possibility that this new evidence would change the outcome of the ALJ's determination, South's new evidence is not material. Cf. Wainwriaht, 939 F.2d at 682-83 (finding new evidence was material because new technology showed a fragment in the spine that might well have been present earlier).
 
 
 12
 Because we conclude that the ALJ used correct legal standards in evaluating the evidence presented, and that substantial evidence supports the ALJ's finding that South was not disabled, we affirm the district court's summary judgment. See Moncada, 60 F.3d at 523.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3