133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack BUCHANAN, Plaintiff-Appellee,
v.
SAFEWAY STORES, INC., Defendant-Appellee.
 No. 97-15133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1997.**
Decided Dec. 24, 1997.
 
 Before: ALDISERT,*** D.W. NELSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jack Buchanan ("Buchanan") appeals from the district court's grant of summary judgment in favor of defendant Safeway Stores, Inc. ("Safeway") on his claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and under California's Fair Employment and Housing Act, Cal. Gov't Code § 12941 et seq. ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Buchanan is a 55 year-old food clerk at Safeway whose job entails standing while on duty and frequent lifting of 12 to 24 pound objects. He has a history of back and knee injuries that led to knee surgery in 1992 resulting in several months' absence from work. Due to injuries that resulted in a 30 percent disability, he was awarded worker's compensation.
 
 
 4
 Safeway fired and rehired Buchanan on no less than three occasions. The first termination resulted from an altercation between Buchanan and fellow Safeway employee Tim Bernard ("Bernard"), who is younger than Buchanan. After conducting an investigation and determining that Buchanan was at fault, Safeway fired Buchanan. Buchanan successfully grieved the action and was reinstated upon condition of his transfer to another store. He was also advised to stay away from Bernard.
 
 
 5
 Safeway fired Buchanan a second time for allegedly stalking Bernard and for violating Safeway's policies and procedures. This time his grievance was unsuccessful. However, Buchanan managed to get rehired at a Safeway store in a different district. He was later fired a third time, allegedly for lying about the reasons for his previous terminations. After successfully grieving this last termination, Buchanan was reinstated with back pay.
 
 
 6
 Buchanan filed this action in state court and Safeway removed it under 28 U.S.C. § 1441(b). Buchanan then agreed to dismiss several preempted claims, leaving only his discrimination claims under the ADA and the FEHA. He also sought dismissal of his ADA claim without prejudice and remand of his FEHA claims to state court. The district court denied his request, Safeway then filed a motion for summary judgment, which the district court granted. Buchanan appeals.
 
 II.
 
 7
 We review de novo a grant of summary judgment. King v. AC & R Advertising, 65 F.3d 764, 767 (9th Cir.1995). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. We review the denial of a motion to remand for abuse of discretion. See Wainright v. Secretary of Health and Human Serv., 939 F.2d 680, 682 (9th Cir.1991).
 
 III.
 
 8
 Buchanan contends that Safeway violated the ADA by discriminating against him because of an alleged disability. The district court correctly ruled that Buchanan was not "actually disabled" under the ADA because he continued to work at Safeway without restrictions. See Holihan v. Lucky Stores, Inc., 87 F.3d 362, 365-66 (9th Cir.1996), cert. denied, 117 S.Ct. 1349 (1997) (actual disability requires substantial limitation on a major life activity such as working). In fact, Buchanan has no "record of disability" which would render him disabled under the ADA. See 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(k). Under the same analysis, Buchanan's FEHA discrimination claim must fail. See Bradle v. Harcourt, Brace and Co., 104 F.3d 267, 271 (9th Cir.1996) (stating that "California relies on federal discrimination decisions to interpret the FEHA" and analyzing disability claims under ADA and FEHA together). Therefore, the district court correctly entered summary judgment on Buchanan's disability claims under both the ADA and the FEHA.
 
 
 9
 Buchanan also contends that he was subjected to age discrimination in violation of the FEHA. This argument must fail because Buchanan failed to establish a prima facie case of age discrimination. Under Palmer v. United States, 794 F.2d 534, 537 (9th Cir.1986), the elements of prima facie case of an age discrimination claim include showing that the plaintiff: (1) is member of protected class; (2) was performing job in satisfactory manner; (3) was discharged; and (4) was replaced by someone substantially younger with equal or inferior qualifications. Because Buchanan presented less than a scintilla of evidence that he was replaced by someone substantially younger than him or that his position remained open, he failed to establish a prima facie case of age discrimination. Therefore, the district court properly granted Safeway summary judgment on this claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986) (non-moving party required to provide more than "a mere existence of a scintilla of evidence" to defeat summary judgment).
 
 IV.
 
 10
 Finally, Buchanan contends that the district court abused its discretion in refusing to remand his case to state court. Buchanan sought voluntary dismissal of his federal claim without prejudice, but failed to attain Safeway's stipulation as required by Fed.R.Civ.P. 41(a). The district court refused to dismiss Buchanan's federal claim because the FEHA and the ADA claims were essentially the same and dismissal of his federal claim without prejudice would allow Buchanan "a second bite of the apple." The district court did not abuse its discretion,
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 * Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3