141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara HINES, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Commissioner, Defendant-Appellee.
 No. 96-36159.
D.C. No. CV-95-01880-HJF.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted** Jan. 9, 1998.
Decided March 23, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Helen J. Frye, District Judge, Presiding.
 Before ALDISERT***, PREGERSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Hines appeals the district court's affirmance of the Commissioner of Social Security's decision to deny her disability benefits under the Supplemental Security Income program. Because the Commissioner's decision was supported by substantial evidence and legally proper, we affirm.
 
 I.
 
 3
 Hines, age 51 at the time of her administrative hearing in 1994, suffers from chronic pain and fatigue. She alleges that these symptoms are the result of diabetes mellitus, hypercholesterolemia, hypertriglyceridemia, fibrocystic fibromyalgia, hypertension, asthma, arthritis, emphysema, acute bronchitis, reactive airway disease and obesity. Hines has a high school education. She previously worked as a maid and an assembler, but has not worked outside her home in over 17 years.
 
 
 4
 At the administrative hearing following the denial of her application, Hines testified to constant muscle pain and rated this pain as ranging between seven and ten plus on a scale of one to ten. As for her fatigue, Hines testified that she cannot climb stairs or walk more than one city block, needs to use a wheelchair outside her home and could probably stand or walk for only two hours out of an eight-hour work day. Hines's testimony was corroborated by her son, Randy Owens.
 
 
 5
 Hines provided little objective, medical evidence to substantiate the seriousness of her claims. Specifically, her medical records available to the administrative law judge ("ALJ") at the time of her hearing indicate that she did not mention to her doctors, nor did they find, the level of immobility or pain to which she testified. In addition, she made relatively few visits to the doctor given the alleged severity of her symptoms.
 
 
 6
 Based on this evidence, the ALJ found Hines's and her son's testimony to be not credible, found her to be not disabled and upheld the denial of benefits. Hines appealed to the Social Security Administrations's ("SSA") Appeals Council, submitting new medical evidence in the form of two check-off questionnaires filled out by her doctors. These questionnaires were ostensibly offered as evidence of her disability, but failed to substantiate her claimed symptoms. For example, both doctors checked "NO" in response to the question, "Is the claimant disabled based on objective medical findings?" The Appeals Council declined to review the ALJ's decision. The district court affirmed the Commissioner's decision, and this appeal followed.
 
 II.
 
 7
 We review the district court's order affirming the Commissioner's denial of benefits de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The Commissioner's decision must be upheld if it is supported by substantial evidence and free of legal error. Id. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).
 
 A.
 
 8
 Hines argues that the ALJ erred by finding her not disabled under the SSA's five-step sequential evaluation procedure. See 20 C.F.R. § 416.920. We disagree.
 
 
 9
 Hines does not challenge the ALJ's findings or legal conclusions as to the first four steps of the analysis: (1) Hines was not performing "substantial gainful activity"; (2) Hines has a "severe impairment"; (3) Hines was not suffering from an impairment which necessitates an automatic finding of disability; and (4) Hines cannot perform her past relevant work, because she has no relevant work to evaluate within the last fifteen years. 20 C.F.R. § 416.920(b)-(e).
 
 
 10
 Hines challenges the ALJ's finding under the fifth step, that she is capable of performing the full range of light work. Applying this finding to the SSA's Medical-Vocational Guidelines, the ALJ found Hines "not disabled". 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 202.13. Hines argues that the ALJ's finding is not supported by the evidence and is in conflict with Social Security Ruling 83-12.
 
 
 11
 First, substantial evidence supports the ALJ's findings. An ALJ may reject as non-credible a claimant's excess pain claims when those claims are inconsistent with her conduct. Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997). Here, the ALJ found Hines's claims of severe pain to be not credible because she had not made similar complaints to her doctors. We find this inconsistency to be substantial evidence in support of the ALJ's finding. See Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (claimant not credible where he had previously reported his symptoms as much less severe). Also, Hines's son had an obvious interest in corroborating her testimony. To the extent his testimony, like hers, conflicted with her actions, the ALJ was entitled to discredit it. See Wainwright v. Secretary of Health & Human Servs., 939 F.2d 680, 682 (9th Cir.1991).
 
 
 12
 We are likewise unimpressed by the questionnaires of Doctors Wald and Conklin submitted to the Appeals Council. Both doctors agreed that Hines is not disabled based on objective medical findings. Moreover, they disagreed as to whether Hines would suffer pain or fatigue from a full day of light work. In short, these questionnaires do not undermine the ALJ's findings.
 
 
 13
 Second, we reject Hines contention that Social Security Ruling 83-12 mandates a conclusion different from that reached by the ALJ. According to this ruling, the ALJ should not rely solely on the Medical-Vocational Guidelines when a claimant has an "unusual limitation of the ability to sit or stand." SSR 83-12, Appellee's Br., Add. at 5. As the Commissioner properly points out, however, application of this ruling depends on a conclusion in the first instance that the claimant suffers from the specified limitation. Hines presented no medical evidence to the ALJ to support the contention that she suffers from an unusual sitting or standing limitation. Because the ALJ permissibly found Hines and her son to be not credible, their testimony cannot support this allegation.
 
 B.
 
 14
 Hines also contends that she has a non-exertional impairment making the Medical-Vocational Guidelines inapplicable. This argument is meritless. The Commissioner does not dispute, and we agree, that the existence of a non-exertional impairment is a legitimate basis for disregarding the guidelines. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir.1993). Hines's argument, however, rests upon the faulty premise that she actually had such an impairment in the form of her excess pain. As we have stated, the ALJ's decision rejecting this claim was supported by substantial evidence.
 
 III.
 
 15
 We conclude that the ALJ properly applied the five-step test of the SSA Regulations and that his findings were supported by substantial evidence. We have considered all arguments advanced by the parties and conclude that no further discussion is necessary. AFFIRMED.
 
 
 16
 PREGERSON, Circuit Judge, dissenting.
 
 
 17
 I dissent. Reviewing the record as a whole, I conclude that Hines' claims of pain are credible. I would credit Hines' testimony and her son's testimony. Moreover, Dr. Conklin's and Dr. Wald's responses to the questionnaires directly address the ALJ's initial concerns as to whether Hines' physicians could substantiate her claims of pain. I would vacate and remand so that the ALJ may make appropriate findings as to whether Hines' residual abilities are such that they would enable her to perform jobs found in substantial numbers in the national economy.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3