**Connie G. ENGLE, Plaintiff— Appellant,**

**v.**

Jo Anne B. BARNHART,*
Defendant—Appellee.

No. 01–35174.

D.C. No. CV–00–00062–CI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Jan. 14, 2003.

Before HILL,** GOULD and
BERZON, Circuit Judges.

MEMORANDUM ***

Connie Engle appeals the denial of her application for Supplemental Security Income benefits, affirmed on appeal by the district court. For the following reasons, we affirm.

I.

Connie Engle applied for Supplemental Security Income (SSI) on July 11, 1995,[1] claiming total disability.[2] Her claim was denied. Upon review, the Administrative Law Judge (the "ALJ") held a hearing, at which he heard testimony from Engle, who was represented by counsel, a medical expert, and a vocational expert. The ALJ evaluated both the medical testimony and Engle's subjective testimony, making specific credibility determinations. On Feb-

---

* Jo Anne B. Barnhart, is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Adminstration. Fed. R.App. P. 43(c)(2).

** The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Engle filed a previous application for SSI benefits that was denied initially on January 26, 1994 and upon reconsideration on May 10, 1994. She did not seek a hearing before an Administrative Law Judge in connection with that denial.

2. Engle claims that she cannot work because she is both physically and mentally disabled. Her physical impairments include: migraine headaches (15 per month); asthma attacks (12 per month); the inability to sit, stand or walk for more than 10–15 minutes; bend, twist, turn; climb stairs; and lift more than 10 pounds. Her mental impairments include: depression; adjustment disorder; post traumatic stress disorder; anxiety; personality disorder; sleep disorder; and marijuana addiction.

ruary 27, 1998, the ALJ issued a decision, finding that Engle was not totally disabled because she could perform work that exists in the national economy. Engle moved for review of this decision by the Appeals Council, submitting a new medical report, dated September 10, 1998, for its consideration.[3] The Appeals Council denied Engle's request for review, making the ALJ's decision the final agency decision. *See* 20 C.F.R. § 416.1481. Engle appealed to the district court, which affirmed the administrative decision.

II.

We review the judgment of the district court *de novo*. *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991) (citing *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir.1989)). Ordinarily, we review the ALJ's decision since, upon denial of review by the Appeals Council, the ALJ's decision becomes the final agency decision. 20 C.F.R. § 416.1481. Where the claimant submits evidence after the ALJ's decision, however, and the Appeals Council specifically considers that evidence, "we consider the rulings of both the ALJ and the Appeals Council," and the record for review includes the new evidence. *Ramirez v. Shalala,* 8 F.3d 1449, 1451–52 (9th Cir. 1993); 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence).[4] *See also Harman v. Apfel,* 211 F.3d 1172, 1180 (9th Cir.2000); *Bates v.*

*Sullivan,* 894 F.2d 1059, 1063–64 (9th Cir. 1990). If the new evidence is material,[5] then we must remand the case to the ALJ for reconsideration. *Booz v. Secretary of Health and Human Serv.,* 734 F.2d 1378, 1380 (9th Cir.1984). The new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.* We must also review the ALJ's decision if it is tainted by legal error or if the denial of benefits is unsupported by substantial evidence in the record. 20 C.F.R. § 404.970(a); *Ramirez,* 8 F.3d at 1452 (citing *Wainwright v. Secretary of Health & Human Servs.,* 939 F.2d 680, 682 (9th Cir. 1991)).

III.

The Appeals Council declined to review the ALJ's decision because it determined that the weight of the evidence in the record supported the ALJ's findings of fact and conclusions of law. Under these circumstances, the Appeals Council may deny review and affirm the decision of the ALJ. 20 C.F.R. § 404.970(b). *See also Ramirez,* 8 F.3d at 1452.

We agree with this conclusion. Engle's medical evidence did not unambiguously support her claim to be totally disabled. In such a case, other evidence must be evaluated, 20 C.F.R. § 416.929, and the testimony of the claimant is especially im-

---

3. Engle submitted the statement of a new doctor and a therapist who opined that Engle was mentally disabled.

4. We have not previously decided, nor do we express any opinion now on whether we have jurisdiction to review the denial of review by the Appeals Council. *Compare* 42 U.S.C. § 405(g) (a "final decision of the Commissioner of Social Security" may be reviewed in the district court) *with Matthews v. Apfel,* 239 F.3d 589, 594 (3rd Cir.2001) (court has no jurisdiction to review the Appeals Council de-

cision to deny review because it is not a final decision) *and Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir.1995) (same).

5. Since we hold that Engle's newly submitted evidence was not material, we do not reach the issue of whether "good cause" for the failure to incorporate it into the record in some prior proceeding would be also required in order for us to remand on the basis of this new evidence. *See Booz,* 734 F.2d at 1380.

portant. *See Bunnell v. Sullivan,* 947 F.2d 341, 345 (9ᵗʰ Cir.1991). In evaluating this testimony, the ALJ is entitled to make credibility determinations. *Russell v. Bowen,* 856 F.2d 81, 83 (9ᵗʰ Cir.1988). In determining whether Engle's testimony regarding the severity of her incapacity was credible, the ALJ may consider inconsistencies in her statements, any unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, the extent of her daily activities, and an appearance of being less than candid. *Bunnell,* 947 F.2d at 345. *See also Dodrill v. Shalala,* 12 F.3d 915, 917 (9ᵗʰ Cir.1993).

The ALJ found Engle's testimony regarding the severity of her pain and her resulting incapacity to be not credible because of several inconsistencies between her testimony and her medical records. First, her records indicate that she did not report to her health care providers the same level of pain and limitations to which she testified at the hearing. *See Morgan v. Commissioner,* 169 F.3d 595, 599–600 (9ᵗʰ Cir.1999). He also found that her treatment history was minimal in light of the impairments alleged—no hospitalizations, emergency room care or clinic care other than routine appointments. *See Flaten v. Secretary of Health & Human Services,* 44 F.3d 1453, 1464 (9ᵗʰ Cir.1995) ("ALJ was entitled to draw an inference from the general lack of medical care for back problems"); *Fair v. Bowen,* 885 F.2d 597, 603 (9ᵗʰ Cir.1989) (claimant's failure to assert a reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony"). He observed that Engle was able to sit for ninety minutes at the hearing with no apparent dis-

tress, despite her claims that she could not sit for more than ten minutes. *See Perminter v. Heckler,* 765 F.2d 870, 872 (9ᵗʰ Cir.1985). Finally, he found her reports of her daily life to be inconsistent with her claimed level of incapacity.[6]

The ALJ concluded, based on the testimony of her own treating physician, that Engle could perform a limited range of sedentary work. *See Bates,* 894 F.2d at 1063 ("We afford greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'") (citing *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9ᵗʰ Cir.1987)). There is substantial evidence in the record to support these findings, and we find no legal error in the ALJ's conclusions.

The Council discounted Engle's newly submitted evidence of her mental impairments, concluding that it was not material. *See Booz,* 734 F.2d at 1381. The evidence was not probative because it related to a period *after* the ALJ's decision. *See* 20 C.F.R. § 404.970(b) ("Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision"); *Bates,* 894 F.2d at 1064 (Appeals Council may reject newly submitted medical evidence dated after the ALJ's decision that is inconsistent with treatment records from the relevant time period). Additionally, the new medical opinion was in conflict with all of her other treatment records. The Appeals Council reviewed these specific conflicts and concluded that there was no reasonable possibility that the newly submitted evidence would have changed the ALJ's decision. *See Ramirez,*

---

6. Engle testified she was able to mop, vacuum, do laundry, cook, read books, shop, drive and replace a fan in the engine of her car. She cared for her small children and indicat-

ed she was interested in seeking part-time employment to coincide with the school hours of her children.

8 F.3d at 1453–54; *Bates,* 894 F.2d at 1064.

## IV.

For the foregoing reasons, we hold that the denial of benefits by the Commissioner was supported by substantial evidence in the record and that these findings were not tainted by any legal error. Accordingly, the judgment of the district court dismissing Engle's complaint is

AFFIRMED.