NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN V. MILLER, | No. 16-56635 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02029-GW-SP |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 13, 2018
Pasadena, California

Before: ROGERS,[**] BYBEE, and WATFORD, Circuit Judges.

Claimant John Miller appeals the district court's judgment affirming the

Commissioner's denial of benefits. Miller's arguments on appeal are unavailing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

At his hearing before the Administrative Law Judge (ALJ), Miller testified that he could sit for only twenty to thirty minutes, could lift at most two to three pounds, and that he spends most of his day lying down. Following the required two-step analysis, *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014), the ALJ determined that this testimony regarding the severity of Miller's symptoms was not credible. In this appeal, Miller's primary contention is that the ALJ improperly relied in part on benign medical imaging to find him non-credible, even though his physical limitations are in fact caused by hardware in his back from a prior surgery, and so the lack of spinal abnormalities shown in the medical imaging does not call Miller's credibility into question given that the hardware is the root of his problems.

Even assuming that Miller is correct, his argument still fails because the ALJ gave several other "specific, clear and convincing reasons" for rejecting Miller's testimony. *See id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). For instance, the ALJ noted that Miller's treating physician never imposed any work restrictions (other than a recommendation that Miller not perform "heavy work"), and this lack of limitations was inconsistent with the severity of the symptoms reported by Miller. The ALJ was entitled to consider this conspicuous gap in the medical evidence. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ also reasoned that Miller's testimony was undercut by the

16-56635

fact that he had worked before the alleged onset date with approximately the same impairments, as evidenced by medical imaging showing no change to his lumbar spine or the surgery site from before the alleged onset date to afterward, as well as various range-of-motion and pain tests that remained the same before and after the alleged onset date. This was permissible. "[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her . . . work record . . . ." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Finally, the ALJ observed that an examining physician had noted the presence of "confounding factors," which might indicate that Miller was magnifying his symptoms. A claimant's tendency to exaggerate is another permissible reason to find him non-credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). In sum, the ALJ gave several specific, clear and convincing reasons for discounting Miller's credibility, which are supported by substantial evidence in the record as a whole. Although Miller suggests that these reasons suffer from their own flaws, his arguments to this effect are unpersuasive. Thus, even if the ALJ did not consider the possible effects of Miller's hardware, any such deficiency did not compel rejection of the ALJ's overall credibility evaluation. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Miller also contends that the district court erred in declining to remand his case to the ALJ to consider new evidence of a November 2014 procedure to

16-56635

surgically remove a nerve sheath tumor from his left ankle, but this argument is also without merit. Under 42 U.S.C. § 405(g), "[r]emand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991). To qualify for such a remand, a claimant must present new evidence that is "material," i.e., it "must bear 'directly and substantially on the matter in dispute,'" *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)), and the claimant must show "a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing," *id.* (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984)).

The district court correctly concluded that this new evidence relating to Miller's ankle condition was not material. Miller has not shown the requisite reasonable possibility that the new evidence would have altered the ALJ's decision. The new evidence does not demonstrate any significant new functional limitations, either before or after the surgery. To the contrary, it shows that Miller had a successful surgery, after which the only limitations placed on him were to "avoid walking barefoot" in the event he had nerve damage, and to wear well-padded shoes. Miller relies on our decision in *Wainwright*, 939 F.2d at 680, but

4                                                                              16-56635

that case is distinguishable. In *Wainwright*, the ALJ had found the claimant's assertions of severe pain to be non-credible because they were not supported by objective medical evidence. *Id.* at 681. After the ALJ's decision, however, a new MRI scan showed a previously unseen disc fragment in the claimant's spine. We found this new MRI scan to be material because the claimant's physician opined that "the fragment 'may well have been there' earlier, but could not be detected due to the state of MRI technology," and the MRI scan therefore "may provide a medical basis for [the claimant's] allegations of disabling pain." *Id.* at 683. Here, by contrast, the new evidence of Miller's ankle condition does not undermine the ALJ's reasons for finding Miller's testimony to be non-credible, nor does it show any additional functional limitations that might have led the ALJ to find him disabled. Accordingly, the new evidence is not material, and Miller was properly denied a remand.

Miller raises several additional arguments, but they are also without merit. The judgment of the district court is affirmed.

16-56635