NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 2 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC VOLK, | No.   22-16192 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00738-DJA |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Daniel J. Albregts, Magistrate Judge, Presiding

Submitted August 2, 2024**

Before:      D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Eric Volk appeals pro se the district court's order affirming the administrative law judge's (ALJ) decision denying his application for disability insurance benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We "review the district court's

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

The ALJ did not err in assigning substantial weight to the opinion of Dr. Karamlou as supported by his own evaluation and consistent with Dr. Hosseni's findings. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *see also Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)) ("We set aside a denial of Social Security benefits only when the ALJ decision is 'based on legal error or not supported by substantial evidence in the record.'").

The ALJ provided specific and legitimate reasons to discount Dr. Perez's opinions as inconsistent with Volk's refusal to take medication as recommended, Dr. Perez's finding that Volk was overall functioning adequately or appropriately, and Dr. Perez's recommendations regarding Volk's return to work. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (where a treating physician's opinion is controverted by the opinion of another physician, an ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" to reject the opinion); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

2

Substantial evidence supports the ALJ's decision to afford weight to Dr. Foerster's opinion as consistent with her evaluation. *See Molina,* 674 F.3d at 1110; *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

Substantial evidence supports the ALJ's decision to afford weight to Dr. Mallare's opinion to the extent it was consistent with Volk's residual functional capacity findings. *See Molina,* 674 F.3d at 1110; *see also Rounds*, 807 F.3d at 1006.

The ALJ properly gave weight to Dr. Cheathum's opinion as consistent with Volk's clinical signs. *See Molina,* 674 F.3d at 1110; *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ provided specific and legitimate reasons to give little weight to Dr. Chia's opinion as inconsistent with the objective evidence and the opinions of other physicians. *See Tommasetti*, 533 F.3d at 1041. Any error in the ALJ's additional reason for discounting Dr. Chia's opinion was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is "inconsequential to the ultimate nondisability determination").

The ALJ did not err in relying on the vocational expert's response to one hypothetical question that used Volk's residual functional capacity findings. Both the question and the vocational expert's response included Volk's limitations that

3

were supported by substantial evidence. The ALJ was not required to rely on the vocational expert's testimony to limitations that the ALJ did not adopt. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001).

The district court did not err in declining to remand Volk's case to the ALJ to consider new evidence. Under 42 U.S.C. § 405(g), "[r]emand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991). We deny Volk's request for remand under 42 U.S.C. § 405(g) because the new evidence is not material to the disability determination. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Further, Volk has not shown that there is a "'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984)).

**AFFIRMED**.

4