
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH JOSEPH BORRELLI, | No. 12-16189 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-02396-SKO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: BENAVIDES,[***] TALLMAN, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

On May 26, 2010, an administrative law judge denied Kenneth Borrelli's application for Social Security disability insurance benefits, finding his testimony not fully credible in part because he had provided "no medical records after July of 2008." The judge concluded that the lack of treatment records suggested the claimant was "exaggerat[ing] his pain" and associated mobility limitations. Borrelli submitted an updated record to the Appeals Council, but the Council denied review without opinion. Borrelli then appealed to the district court, which declined to remand after finding the new documents immaterial.[1] This Court reviews such a determination *de novo*. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

In approaching the Appeals Council for review of an unfavorable decision, a disability claimant may submit "any new and material evidence . . . which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.976(b)(1). Claimants need not show good cause before submitting new evidence to the Appeals Council. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). New evidence is material if it bears "directly and substantially on the matter in dispute." *Luna v. Astrue*, 623 F.3d

---

[1] *Borrelli v. Astrue*, No. 1:10-cv-02396-SKO, 2012 WL 947343, at *22 (E.D. Cal. Mar. 20, 2012).

1032, 1034 (9th Cir. 2010) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)) (internal quotation marks and brackets omitted). Remand is necessary where the material evidence gives rise to a "reasonable possibility" that the new evidence might change the outcome of the administrative hearing. *Booz*, 734 F.2d at 1380–81.

We find that the new evidence justifies remand in part because the judge explicitly based his decision on the absence of recent medical records. The judge reasoned that "[i]f the claimant experienced pain or limitation to the extent or severity [] he claims, it is unreasonable to have no medical records after July of 2008." Consequently, it stands to reason that these records—which reflect consistent and ongoing efforts to resolve Borrelli's arthritis symptoms—might have changed the outcome of the case. In addition, the new evidence suggests that neither the judge nor the vocational expert posed a hypothetical that accurately reflects Borrelli's abilities and limitations.[2]

We therefore vacate the decision of the Social Security Administration and remand for further vocational testimony in light of this additional material

---

[2] Of course, we can hardly fault the administrative law judge for not taking into account material evidence that claimant's counsel failed to provide.

evidence. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). In developing testimony, the administrative law judge may consider all evidence of record to the extent it relates to the alleged impairments. 20 C.F.R. § 404.976(b)(1); *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996).

VACATED and REMANDED.

Each party to bear its own costs.