**Člyde H. BOOZ, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 82–5956.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 1983.[*]

Decided June 12, 1984.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Cir.R. 3(a) and Fed.R.App.P. 34(b).

Cindy W. Graff, Weinstein, Shelley & Proctor, Pasadena, Cal., for plaintiff-appellant.

Katherine V. Tooks, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before TANG, FERGUSON and BOO-CHEVER, Circuit Judges.

TANG, Circuit Judge:

## FACTS

Booz is a 57-year-old male who until 1970 worked as a semi-skilled laborer. In 1971, he applied for disability insurance benefits alleging total disability caused by obstructive lung disease, ulcers and diabetes. In a January 3, 1973 opinion, the Administrative Law Judge (ALJ) found Booz capable of working based on medical and vocational expert testimony. Booz's eligibility for disability insurance ran out on September 30, 1975.

On October 24, 1978, Booz renewed his application for benefits. He attempted to show, based on new medical tests that he was totally disabled from 1970 onward. The ALJ denied benefits in an October 20, 1979 opinion and again, after remand by the Appeals Council to consider the effect of certain regulatory changes, the application was rejected in an October 11, 1980 decision. Booz then appealed unsuccessfully to the Social Security Appeals Council and to the district court. Booz timely appeals.

## ANALYSIS

I. Burden of Proof and Application of the Medical-Vocational Guidelines

Booz contends that the Secretary had the burden of showing that he was employable, and that the ALJ misapplied the Medical-Vocational guidelines grid. Generally, once a claimant shows that he cannot perform his former work, the burden shifts to the agency to show that claimant can perform other jobs in the national economy. *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982). In the case at bar, however, the burden continues to be on the claimant, because the unappealed 1973 finding creates a presumption of non-disability that must be overcome by claimant's showing of changed circumstances. *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568 (9th Cir.1983).

■ The ALJ found that Booz did not show any greater disability as of 1975, than he had shown in the 1973 hearing. This finding must be affirmed if supported by substantial evidence. *Thompson,* 665 F.2d at 939. Booz offered evidence of a 1980 pulmonary function test as evidence of his condition in 1975. The ALJ, after taking testimony from an agency medical advisor, concluded that Booz had produced no reliable evidence that he was disabled as of 1975. The medical advisor testified that it was impossible to determine the level of pulmonary severity based on the medical evidence of record. It is the ALJ's function to resolve conflicts in the evidence. *Allen v. Secretary of Health and Human Services,* 726 F.2d 1470 at 1472 (9th Cir. 1984). "If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Id.* at 1473. Based on the evidence before the ALJ, his decision is supported by substantial evidence. Although the ALJ did apply the Medical-Vocational grids, this exercise was unnecessary in view of our holding and any error would be harmless.

## II. Motion for Remand Based on New Evidence

■ Booz contends that the case should be remanded to the Secretary for consideration of new evidence under 42 U.S.C. § 405(g). The new evidence consists of a June 30, 1981 report by Dr. Herman C. Schoen. Drawing on 1971–72 and 1979–80 medical tests taken by Booz, Schoen concluded that Booz was "totally disabled from employment in 1975." This report was not presented to the ALJ, but was before the district court. The magistrate's recommendation, which was adopted by the district court, found Dr. Schoen's report not material, because not probative of 1975 disability. The question of materiality of the new evidence is one of law reviewed de novo by this court. *Goerg v. Schweiker,* 643 F.2d 582, 584 (9th Cir.1981).

■ For this court to order a remand, Booz must show "that there is new evidence which is *material* and that there is

*good cause* for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 42 U.S.C. § 405(g) (emphasis added). Booz meets the "good cause" requirement. He is a man of limited financial means and was apparently unable to find a qualified medical specialist to review his records within the time allotted by the ALJ. *Cf. Allen,* at 1473. Upon obtaining Dr. Schoen's report, he immediately submitted it to the district court.

■ Next, we must determine whether the Schoen report is "material." In 1980, Congress amended 42 U.S.C. § 405(g) to add a materiality requirement. The purpose of the amendment was "at least in part to limit the court's ability to remand cases for consideration of new evidence." *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982) (citing *Carter v. Schweiker,* 649 F.2d 937, 942 (2d Cir.1981)); *see* Sen.Rep. No. 408, 96th Cong., 2d Sess. 58, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1336. Yet even pre-amendment the Ninth Circuit subsumed a showing of materiality under the "good cause" requirement. *Ward,* 686 F.2d at 764. The new evidence had to "bear [ ] directly and substantially on the matter in dispute." *Id.* The court has noted, however, that this is a relaxed standard. *Id.* In view of Congress' intent to limit the federal courts' ability to remand cases to the Secretary, we are now compelled to apply a stricter standard to new evidence. While our old materiality requirement was simply a component of the relaxed "good cause" test, it is now an independent statutory proviso. We must therefore set out the proper post-amendment materiality standard, before we can address Booz's motion for remand.

The Fifth Circuit has held that under the 1980 amendment, evidence is sufficiently material to require a remand, "only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Dorsey v. Heckler,* 702 F.2d 597, 604–605 (5th Cir.1983) (emphasis added). The court declined to adopt the position of the Fourth and Tenth Cir-

cuits that "such evidence must be reasonably likely to have resulted in a different decision by the Secretary." *Id.* at 605 n. 9. We also decline to adopt this stricter standard and instead follow the Fifth Circuit's "reasonable possibility" test.

■ The test in the Fourth and Tenth Circuits is reminiscent of the standard under Fed.R.Civ.P. 60(b). Under this rule, a court may relieve a party from a final judgment and grant a new trial, where there is "newly discovered evidence." For evidence to meet this requirement it must be shown that it would have affected the trial result. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir.1977); 7 J. Moore, Moore's Federal Practice ¶ 60.23[4] at 201–202 (2d ed. 1983); *see also Pitts v. United States*, 263 F.2d 808, 810 (9th Cir.1959). This strict standard has been established because Rule 60(b) permits belated attacks upon final *court* judgments. Fed.R.Civ.P. 60(b); 7 J. Moore, Moore's Federal Practice ¶ 60.23[4] at 198 (2d ed. 1983). Although section 405(g) also permits similar attacks, it operates in an administrative, not judicial context. Finality of decisions, specifically the res judicata and collateral estoppel doctrines, are not applied as rigidly to administrative, as to judicial proceedings. *Lyle*, 700 F.2d at 568 n. 2; *Artukovic v. INS*, 693 F.2d 894, 898 (9th Cir.1982). We similarly believe that the materiality of new evidence should not be tested as strictly in the administrative, as in the judicial context. Moreover, we have repeatedly emphasized that "[t]he Social Security Act is remedial, to be construed liberally." *Doran v. Schweiker*, 681 F.2d 605, 607 (9th Cir.1982).

■ We must now determine whether there is a reasonable possibility that Dr. Schoen's report would have changed the outcome of the present case. We hold that there is such a reasonable possibility. The ALJ acknowledged in his decision of October 11, 1980, that it is possible that Booz became disabled prior to 1975. Moreover, the agency medical advisor, Dr. Harry Mamin, testified that he could not make a determination as to Booz's 1975 status "based on the medical evidence *of record.*"

Implicit in this statement is the possibility that other evidence, such as Schoen's detailed report, might permit a doctor to make a retroactive 1975 status determination. Dr. Schoen's report did not come before the ALJ, nor could it have been considered by Dr. Mamin.

We also note that a remand in the case at bar is consistent with the mandate of the Social Security Appeals Council. In its remand to the ALJ, the Council stated: "Because of the *lack of medical evidence* for ... 1972 and September 1978, the administrative law judge may wish to obtain additional testimony from a medical advisor regarding the claimant's condition as of September 30, 1975," (emphasis added). The ALJ declined to obtain such evidence, but gave Booz an opportunity to submit medical testimony. As already noted, Booz was apparently unable to avail himself of this opportunity within the time allotted. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that ... claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). In view of the Council's suggestion on remand, as well as the ALJ's statement that there was a possibility that Booz was disabled prior to 1975, we believe that the ALJ's failure to assure that additional evidence was obtained, further mitigates in favor of a section 405(g) remand.

On remand, the ALJ should consider Dr. Schoen's report in the context of the entire evidence. *Dorsey*, 702 F.2d at 605. This is the proper approach, "even though the record as made would support a summary judgment denying relief." *Treadway v. Califano*, 579 F.2d 1171, 1173 (9th Cir. 1978) (per curiam). The new evidence may overcome the *Lyle* presumption and require the Secretary to show Booz's employability.

REMANDED to the district court with instructions to remand to the Secretary for consideration of the Schoen report.