112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth ERHARDT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Defendant-Appellee.
 No. 95-55937.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Erhardt appeals pro se the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Erhardt benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, see Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996), and we affirm.
 
 
 3
 Erhardt contends that the district court erred by failing to consider new evidence. This contention lacks merit.
 
 
 4
 In order to merit remand by the district court, Erhardt was required to show that the new evidence was material and he had good cause for failing to incorporate it into the record in the prior proceedings. See Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir.1984). New evidence is material if there is a reasonable possibility that it would have changed the outcome of the Commissioner's determination. See Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir.1984). At the district court, Erhardt submitted for the first time additional medical records and evidence that he takes prescription medications. This evidence, however, does not indicate that Erhardt would not be able to perform his past relevant work. Accordingly, we agree with the district court that Erhardt's new evidence is not material. See id.
 
 
 5
 To the extent Erhardt contends that the district court erred by affirming the Commissioner's decision, this contention lacks merit. Although Erhardt suffers from a variety of disorders including angina, arthritis, affective disorder, ichthyosis, bradycardia, AV wenckebach, AV heart block, and hypoxemia, substantial evidence supports the Commissioner's conclusion that Erhardt could perform his past relevant work. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 6
 Finally, to the extent Erhardt contends that he was delusional when he testified about his prior employment, this issue was not raised in Erhardt's prior proceedings. Accordingly, we need not address this issue. See Avol v. Secretary of Health & Human Servs., 883 F.2d 659, 661 (9th Cir.1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3