**Ula STALEY, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,[*] Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 99–35617.

D.C. No. CV–98–06198–REJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided Aug. 24, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

* Larry G. Massanai is substituted for his predecessor as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Plaintiff Ula Staley appeals the judgment of the district court, affirming a final decision of the Commissioner of Social Security (Commissioner) that Plaintiff was not disabled on or before June 29, 1996, and is therefore not entitled to Social Security disability insurance benefits. An Administrative Law Judge (ALJ) found Plaintiff not disabled. She sought review from the Appeals Council and submitted new evidence, including a Medical Source Statement from a treating doctor and a vocational assessment based on it. The Appeals Council denied review, making the ALJ's decision final. The district court affirmed. We now reverse and remand with directions that the ALJ reconsider the case in the light of the additional evidence.

The evidence was new, and it relates to the period in question. The only disputed issue is whether the additional evidence was material. *See* 20 C.F.R. § 404.970(b) (listing criteria for Appeals Council to consider new evidence). The Appeals Council apparently concluded that the evidence was not material when it stated that the evidence provided no basis for changing the ALJ's decision. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir.1984) (new evidence is material when it creates a reasonable possibility that the outcome of the case would be different).

We disagree. Reviewing the record as a whole, we conclude that this standard is met.

The Commissioner argues for several reasons that the evidence is not material. First, he asserts that Dr. Lieuallen was not a treating physician, but the record shows that he saw her more than once, tested her, and prescribed medications for her.[1]

Second, the Commissioner argues that the form is conclusory and does not contain medical documentation. Even though the Statement is cursory, it is not robbed of all probative value for that reason alone; its conclusions should be read in conjunction with the medical documentation previously provided by the same doctor.

Third, the Commissioner notes that the claimant solicited the Statement and other evidence after the ALJ's adverse decision. Again, that reason is not necessarily a ground to discount new evidence entirely, particularly when (as here) the claimant was unrepresented until after the ALJ issued the decision.

At oral argument, the Commissioner also contended that the Statement is internally inconsistent because it opines that Plaintiff has been capable of performing "sustained" sedentary work (8 hours a day, 5 days a week) but is "markedly limited" in her "ability to complete a normal workday and workweek without interruptions from medically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Assuming that we properly can consider this new argument, it is not dispositive. The first comment answers a question pertaining to "the exertional requirements" of sedentary jobs, while the second comment answers a question pertaining to "non-exertional limitations."

REVERSED and REMANDED to the district court with instructions to remand to the ALJ under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this disposition.

RAWLINSON, Circuit Judge.

I respectfully dissent. The Appeals Council ("Council") has an obligation to

---

1. The vocational assessment was based on Dr. Lieuallen's Statement; its persuasiveness therefore is derivative of the persuasiveness of the Statement.

provide "specific and legitimate reasons" for rejecting the medical opinion of a treating or examining physician only when the Council reviews or is required to review the case. *See Ramirez v. Shalala,* 8 F.3d 1449, 1451–54 (9th Cir.1993) (requiring the Council to provide specific and legitimate reasons only after recognizing that the Council considered the case on the merits). In this case, the Council declined to grant Ms. Staley's request for review.

Section 404.970(b) of 20 C.F.R. provides: If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Accordingly, where the claimant is seeking review based on evidence not presented to the ALJ, the Council must only provide such review when the submitted evidence is: 1) new, 2) material, and 3) relates to the period on or before the date of the administrative law judge hearing decision. *See Ramirez,* 8 F.3d at 1452 (relying on 20 C.F.R. § 404.970(b)).

I concur with the majority that the Medical Source Statement (the "Statement") was new and relates to the period in question. I, however, respectfully disagree with the majority's conclusion that the Statement is material evidence.

Evidence is material only where it creates a reasonable possibility that the outcome of the case would change. *See Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380–81 (9th Cir.1984). The Statement was written by Dr. Lieuallen after the ALJ's decision, and therefore is less persuasive than Dr. Lieuallen's previous medical reports that Ms. Staley had a full range of motion, except for some stiffness in the neck. *See Macri v. Chater,* 93 F.3d 540, 544 (9th Cir.1996). Additionally, the Statement is a check box form which provides no indication as to how the conclusions relate to any examination of Ms. Staley. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989) (holding the Council need not accept a medical opinion that is "brief and conclusionary" and unsupported by clinical findings).

Finally, the Statement is internally inconsistent. The Statement indicates that since June 1996, Ms. Staley "has been capable of performing sustained SEDENTARY work on a regular and continuing basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule." The Statement also reflects that as of June 1996, Ms. Staley was markedly limited in her "ability to complete a normal workday and workweek without interruptions from medically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." This supposedly is a marked limitation that affects Ms. Staley's ability "to meet the demands of sustained work on a regular and continuing basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule." In one section, therefore, Ms. Staley is deemed capable of "performing sustained sedentary work on a regular and continuous basis" but in another section she is described as "markedly limited in her ability to do so." If Ms. Staley is capable of performing sedentary work on a "regular and continuous basis," the medical vocational guidelines (the "Grids") require a finding that Ms. Staley is not disabled. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. Because the Statement is inconsistent as to whether Ms. Staley is dis-

abled, the Statement is not material. *See Bates v. Sullivan,* 894 F.2d 1059, 1064 (9th Cir.1990) (sustaining the Council's denial of review where new evidence was "not consistent" with the record), *overruled on other grounds, Bunnell v. Sullivan,* 947 F.2d 341, 342 (9th Cir.1991) (en banc).

The majority concludes that the Statement is not internally inconsistent because the portion indicating that Ms. Staley can perform sedentary work deals only with exertional limitations, while the portion indicating that Ms. Staley is markedly limited in her ability to complete a normal workday deals with non-exertional limitations. Far from dealing only with exertional limitations, the Statement unambiguously states that "Ms. Staley *has* been capable of performing sustained SEDENTARY work on a regular and continuous basis, i.e., 8 hours a day, 5 days a week, or on an equivalent work schedule." While the Statement does address the exertional requirements of a sedentary job, it does not indicate that non-exertional limitations were excluded when evaluating Ms. Staley's capability to perform sedentary work. In fact, the only limitations "excluded from consideration" are those which are the result of Ms. Staley's "conscious malingering of symptoms."

Our job is not to rewrite the Statement to create consistency. If that were the case, the Statement could also be consistently read as concluding that Ms. Staley was markedly limited by non-exertional limitations, but the non-exertional limitations did not prevent her from performing sedentary work. The plain fact, however, is that the Statement contradicts itself by opining in one section that Ms. Staley was capable of performing sustained sedentary work on a regular and continuous basis, but stating in another section that she is markedly limited in her "ability to complete a normal workday and workweek without interruptions from medically based symptoms."

Due to the internal inconsistency with respect to the central question of Ms. Staley's limitations, the Statement cannot provide a reasonable basis for resolving that issue, let alone support a reasonable probability that the outcome of Ms. Staley's application would change. The Statement, therefore, is not material. The conclusory nature of the Statement, without any independent analysis showing how its conclusions relate to the medical evidence in the record, only further indicates that the Statement is immaterial. Because the Statement is immaterial, the Council did not err in declining review of this "new evidence" without explanation. Accordingly, I would affirm.