**Betty A. NOUJAIM, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 05–55746.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2007.*

Filed May 25, 2007.

Joshua W. Potter, Esq., Bertram L. Potter, Esq., Potter, Cohen & Samulon, Pasadena, CA, for Plaintiff–Appellant.

USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Leo R. Montenegro, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Betty Noujaim appeals a magistrate

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's[1] order and judgment affirming an administrative law judge's (ALJ) grant of summary judgment to the Commissioner after he determined that Noujaim was not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The magistrate judge acted properly when he denied Noujaim's motion to admit additional evidence. There is no reasonable possibility that the evidence she sought to introduce would have changed the outcome of the determination had it been before the Commissioner.[2]

Substantial evidence in the adequately developed record supported the ALJ's decision regarding the conflicting medical evidence.[3] Substantial evidence in the record and specific findings by the ALJ also supported the adverse credibility determination and rejection of Noujaim's subjective pain claims.[4] Furthermore, the ALJ did not commit legal error in determining the denial of benefits.

AFFIRMED.

---

1. The parties consented to proceed before a magistrate judge.

2. See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380–81 (9th Cir.1984) (noting claimant's burden for admitting extra-record evidence).

3. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.1999) (citations omitted) (noting that this court will disturb an ALJ's decision denying disability insurance benefits "only if that decision is not supported by substantial evidence or it is based upon legal error").

4. See Bunnell v. Sullivan, 947 F.2d 341, 345–46 (9th Cir.1991) (en banc). (noting that an ALJ's findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding [subjective symptoms]").

