**NOT FOR PUBLICATION**

APR 11 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELE LINETTE MATTISON, on behalf of her minor child K.A, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 10-56754 <br><br> D.C. No. 5:10-cv-00097-RZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ralph Zarefsky, Magistrate Judge, Presiding[**]

Submitted May 7, 2012[***]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Michele Mattison appeals pro se on behalf of her minor child, K.A., who

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleged disability based on severe asthma. The Commissioner of Social Security denied K.A.'s application for supplemental security income under Title XVI of the Social Security Act. The district court affirmed the Commissioner's decision. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

The ALJ found that K.A.'s condition did not meet the regulatory criteria for presumptively disabling asthma under 20 C.F.R. Pt. 404, Subpt. P, Appx 1 § 103.03 ("Listing 103.03").

The ALJ then evaluated K.A.'s condition under the functional equivalence test of 20 C.F.R. § 416.926a for determining whether a person under the age of 18 is disabled. This test requires an assessment of the claimant's ability to function in six domains of functioning: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for self; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A claimant is disabled if the evidence shows marked

limitation in two domains, or extreme limitation in one. 20 C.F.R. § 416.926a(a); SSR 09-1p, 2009 WL 396031 *1. The ALJ concluded that K.A.'s asthma resulted in marked impairment in only one domain of functioning, <u>viz.</u> the domain for health and physical well-being.

Mattison challenges the ALJ's decision on three grounds. First, she contends the ALJ failed to obtain and consider certain medical records in violation of his duty to fully develop the record. Second, she contends the ALJ's reasons for discounting the opinion of K.A.'s treating physician were not supported by substantial evidence. Third, she contends the ALJ improperly evaluated the statements of a health aide at the school K.A. attended.

**1.      Development of the Record**

With her reply brief, Mattison, who was represented by counsel at the hearing and before the district court, submitted progress notes and pulmonary function test results reflecting K.A.'s treatment, which Mattison alleges the ALJ failed to obtain. A reviewing court may remand a case for the Commissioner to consider new evidence that is material. *Mayes v. Massanari*, 276 F.3d 453, 461-62 (9th Cir. 2001). Evidence is material only if there is a "reasonable possibility that the new evidence would have changed the outcome" if it had been before the ALJ. *Id.* at 462; *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.

1984).   We consider the additional evidence submitted with Mattison's reply brief to determine whether it is material.

Mattison contends the additional medical evidence includes forced expiratory volume test ("FEV1") values that satisfy the criteria for Listing 103.03. In fact, the additional medical evidence Mattison submitted shows that K.A.'s FEV1 values exceeded the listing level while she was taking appropriate medications.  There were a few infrequent low FEV1 values but these did not show a disabling impairment that persisted for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909.   Because the medications improved K.A.'s FEV1 values above the listing level, K.A. did not satisfy the listing criteria.  *See Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that are effectively controlled by medication are not disabling).  The additional evidence submitted with Mattison's Reply brief only fortifies the ALJ's conclusions regarding the listing criteria.

Mattison also contends the additional medical evidence supports a disability finding under the functional equivalence test described previously.  The ALJ found that K.A.'s asthma resulted in marked impairment only in the domain for  health and physical well-being.  Mattison contends the additional medical evidence supports marked impairment in a second domain of function involving moving

about and manipulating objects. The domain for moving about and manipulating objects considers limitations in "gross and fine motor skills." 20 C.F.R. § 416.926a(j). The domain for physical health and well being covers limitations such as shortness of breath, weakness, lack of stamina, fatigue, and side effects of asthma medications. 20 C.F.R. § 416.926a(l)(1). The additional medical evidence focuses on K.A.'s respiratory function and does not address motor function.

Accordingly, the ALJ's failure to obtain the additional medical evidence was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless if, looking at the record as a whole, the error does not alter the outcome of the case); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 and n. 4 (9th Cir. 2008) (an error is harmless if the ALJ's determination remains supported despite the error).

To the extent Mattison contends the ALJ should have engaged in further development of the record by recontacting K.A.'s physicians or ordering further evaluation, the argument is unpersuasive. An ALJ's duty to conduct further inquiry is triggered only when the evidence is ambiguous or when the administrative record is inadequate to allow for proper evaluation of the disability claim. *Mayes*, 276 F.3d at 459-60; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Neither condition is present here.

**2.     Treating Physician's Opinion**

Mattison contends the additional evidence submitted with her reply brief undermines the ALJ's reasons for discounting the opinion of David Bailey, M.D. Even if she were correct, however, Dr. Bailey's opinion would only fortify the ALJ's determination that K.A. suffered from marked impairment in only the domain for health and physical well-being.

Dr. Bailey opined that K.A.'s asthma prevented her from engaging in vigorous activities, such as running, weight lifting, and participating in team sports. Such limitations based on respiratory impairment fall squarely within the domain for health and physical well-being.  20 C.F.R. § 416.926a(l).  Because Dr. Bailey did not address limitations attributable to K.A.'s gross or fine motor function, his opinion does not support marked limitation in the domain for moving about and manipulating objects.  20 C.F.R. § 416.926a(j).  Accordingly, even if the ALJ should have given Dr. Bailey's statements greater weight, the error was harmless because Dr. Bailey's opinion only strengthens the ALJ's determination.  *See Molina*, 674 F.3d at 1115; *Carmickle*, 533 F.3d at 1162-63.

**3.     Statement of School Health Aide**

The ALJ provided germane reasons for discounting the statement of the health aide at the school K.A. attended.  *Valentine*, 574 F.3d at 694.  The health

aide said K.A.'s asthma was debilitating, but school records showed that K.A. functioned well in all areas other than vigorous physical activity.

In addition, like Dr. Bailey's statements, the health aide's statement describes only limitations from asthma falling within the domain of health and physical well-being. Giving her statement greater weight would only lend added support for the ALJ's determination. Accordingly, even if the ALJ should have given the health aide's statement greater weight, the error was harmless. *Molina*, 674 F.3d at 1115, *Carmickle*, 533 F.3d at 1162.

In conclusion, if Mattison were to prevail on all of her claimed errors, and all the evidence she relies on were fully credited, it would only fortify the ALJ's conclusion that K.A. has marked impairment in only one of the six factors used in the functional equivalence test.

**AFFIRMED.**