**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENDY L. GRANT,

              Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

              Defendant - Appellee.

No. 13-35795

D.C. No. 2:12-cv-00038-JLQ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Submitted September 2, 2014 [**]

Before: GOULD, BERZON and BEA, Circuit Judges.

    Wendy Grant appeals the district court's summary judgment order affirming

the Commissioner of Social Security's denial of her application for supplemental

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

Grant contends that the ALJ improperly rejected the opinion of her treating medical provider, physician's assistant Rogelio Cantu, in assessing her physical limitations and improperly discounted the opinion evidence of Frank Rosekrans, Ph.D., regarding her mental health impairments.

The ALJ provided germane reasons, supported by the record, for giving little weight to Cantu's opinion regarding Grant's physical limitations. *See id.* at 1111 (stating that an ALJ may discount the opinion of a physician's assistant if the ALJ provides germane reasons for doing so); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (recognizing that inconsistency with medical evidence is a germane reason). The ALJ determined that Cantu's opinion regarding Grant's physical limitations was contradicted by his own treatment records, which indicated that on repeated visits since 2008, Grant walked without a limp, had full range of motion in her neck, and suffered no sensory loss or weakness. The ALJ also found Cantu's opinion was contradicted by the testimony of medical expert Dr. Arthur

2

Lorber, who reviewed the medical evidence in the record, including the medical opinions of Grant's treating physicians, and concluded that Grant could perform the full range of light work with "no restrictions whatsoever."

The ALJ also provided specific and legitimate reasons for discounting Dr. Rosekrans's opinion regarding the severity of Grant's mental health impairments. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Dr. Rosekrans's opinion was contradicted by the testimony of psychological expert Dr. Raphael Kuka, who opined that Grant would be able to maintain full-time work on a regular and continuous basis. Dr. Kuka's testimony was consistent with other independent evidence in the record, which showed little symptomology related to Grant's mental health impairments. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (stating that a contrary opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record).

Grant next contends that the ALJ should not have relied on the Medical-Vocational Guidelines, but rather was required to use a vocational expert in determining that a significant number of jobs exist in the national economy which she could perform.

Substantial evidence supports the ALJ's determination that Grant's mental health impairments were not a sufficiently severe non-exertional limitation that required the assistance of a vocational expert. *See Hoopai v.Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). Moreover, the opinion evidence submitted by Grant's independently hired vocational expert, Ellen Nagourney, that Grant was unemployable under current economic conditions as they existed in 2010, does not warrant a remand. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984); 20 C.F.R. § 416.966(c)(5) (cyclical economic conditions not a factor in determining disability).

**AFFIRMED.**