**NOT FOR PUBLICATION**

FEB 22 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO FLETES VERA, | No. 14-55114 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-07078-SS |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Submitted February 9, 2016[**]
Pasadena, California

Before: BERZON, DAVIS[***], and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Ignacio Fletes Vera challenges the decision of the Administrative Law Judge ("ALJ") denying his application for social security disability benefits, and asks the court to remand his case for reconsideration before the ALJ in light of new evidence.

1. Substantial evidence—including inconsistencies between Vera's reports of disability, his doctors' findings, and his daily activities—supports the ALJ's finding that Vera was not fully credible. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Among other things, the ALJ relied on Dr. Martindill's assessment that Vera would be able to work if he received proper treatment; the fact that Vera had worked for years after injuring his elbow; Vera's emphasis on his anger and desire to physically hurt others, although he has never actually harmed anyone; Vera's ability to manage his financial affairs; and that Vera had never been "clinically observed to be in any acute distress." These considerations provide adequate support for the ALJ's credibility finding.

2. The ALJ sufficiently explained his reasons for discounting the Department of Veterans Affairs' ("VA") finding that Vera is disabled. "[A]n ALJ must ordinarily give great weight to a VA determination of disability," but may "give less weight to a VA disability rating if he gives persuasive, specific, valid

reasons for doing so that are supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (citation omitted).

Here, the ALJ noted that the VA relied on its regulations to resolve reasonable doubt in Vera's favor, *see* 38 C.F.R. § 4.3, which the Social Security Administration ("SSA") does not do. This divergence in agency procedures represents a material difference between VA and SSA proceedings regarding the respective evidentiary burdens borne by the applicant and the agency; it is not mere reliance "on the general ground that the VA and SSA disability inquiries are different." *Valentine*, 574 F.3d at 695. Moreover, the ALJ explained that he independently weighed the evidence, including the evidence from the VA doctors, and came to a different conclusion than the VA doctors had. These explanations were adequate under *Valentine. See id.*

3. The ALJ did not err in partially rejecting the findings of Dr. Wilcox, one of Vera's treating psychiatrists at the VA, and in considering Vera's mental impairments. The ALJ rejected Dr. Wilcox's opinion regarding Vera's ability to obtain and maintain employment because that opinion concerned the ultimate disability conclusion, properly left to the ALJ's own determination. *See* Soc. Sec. Ruling 96-5p. Next, the ALJ rejected portions of Dr. Wilcox's findings to the extent her treatment notes contained conflicting information and were premised on

3

Vera's subjective allegations, which the ALJ found were not fully credible. Finally, the ALJ gave more weight to Dr. Martindill's opinion regarding Vera's employability than he did to Dr. Wilcox's, mostly because Dr. Martindill, unlike Dr. Wilcox, questioned Vera's credibility, as did the ALJ. The ALJ's explanations of his reasons for partially discounting Dr. Wilcox's findings satisfy the *Thomas v. Barnhart* standard. *See* 278 F.3d 947, 957 (9th Cir. 2002).

4. Vera has identified new, material evidence that warrants a remand to the ALJ for reconsideration of the denial of benefits. *See* 42 U.S.C. § 405(g). In February 2014, relying on some evidence that was not in the administrative record before the agency at all, and some evidence that the first ALJ had not seen, a second ALJ concluded that Vera was disabled as of December 22, 2010, a month after the first ALJ's decision finding Vera not disabled. The additional evidence, although developed after the alleged disability period, is pertinent to that period to the extent it sheds light on Vera's conditions during the earlier time frame. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984). Because the two ALJs' decisions are not "easily reconcilable," the matter is remanded for reconsideration in light of the additional evidence and the second ALJ's decision. *See Luna v. Astrue*, 623 F.3d 1032, 1034–35 (9th Cir. 2010).

**REMANDED.**