FILED

NOT FOR PUBLICATION

OCT 04 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JACQUETTA NACOSTE-HARRIS, | No.   16-35022 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01594-JO |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted October 4, 2017 **

Before:  CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jacquetta Nacoste-Harris appeals pro se the district court's decision

affirming the Commissioner of Social Security's denial of Nacoste-Harris's

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for supplemental security income under Title XVI of the Social Security Act. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Nacoste-Harris contends that the administrative law judge ("ALJ") discriminated against her because she is a former addict and was using marijuana at the time of her hearing. We disagree. The ALJ did not deny Nacoste-Harris's claim on the basis of her past or present drug use. Rather, the ALJ found that Nacoste-Harris's "history of crack cocaine dependence and current marijuana abuse is not a material factor in this decision." As a result, Nacoste-Harris's allegations do not show that the ALJ's behavior reflected a clear inability to render fair judgment, and they are not sufficient to rebut the presumption that an ALJ is unbiased. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005).

Construing Nacoste-Harris's pleadings liberally, *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016), she contends that the ALJ discounted her testimony about the severity of her symptoms because she is a former addict. The ALJ did not mention Nacoste-Harris's former cocaine use or her current marijuana use as a basis for finding her symptom testimony less than fully credible. The ALJ did, however, consider Nacoste-Harris's drug use in formulating her residual functional capacity ("RFC"), and the ALJ included in the

RFC greater limitations, in part, to accommodate Nacoste-Harris's drug use. This was not only permissible, but required. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" (quoting SSR 96-8p, 1996 WL 374184, at *5)). Because the ALJ's inclusion of additional RFC limitations benefits, rather than prejudices, Nacoste-Harris, any error in discussing her drug use is harmless. *Cf. Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (finding harmless an ALJ's "overinclusion" of limiting factors in the hypothetical posed to a vocational expert because it benefitted the claimant).

Finally, Nacoste-Harris attached additional evidence to her opening brief. Remand under 42 U.S.C. § 405(g) is not appropriate because Nacoste-Harris has not shown a reasonable possibility of a different outcome if the evidence had been presented to and considered by the agency. *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1381 (9th Cir. 1984). Four of the pages of Nacoste-Harris's new evidence document her substance abuse treatment in 2007, and her subsequent abstinence from cocaine. As discussed above, the ALJ acknowledged Nacoste-Harris's continued abstinence from cocaine use and concluded that her drug use

was immaterial to the non-disability determination.  The other two pages of new evidence are a report from a September 2015 MRI of Nacoste-Harris's cervical spine.  Although "reports containing observations made after the period for disability are relevant to assess the claimant's disability," *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988), Nacoste-Harris offers no argument for how this new report, which post-dates the ALJ's decision by nearly two years, is material to the ALJ's determination.  As a result, Nacoste-Harris has not carried her burden of demonstrating materiality.  *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

**AFFIRMED.**