**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON A. PETERSEN, | No. 16-35989 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05837-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court for the
Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted June 15, 2018**
Seattle, Washington

Before: M. SMITH and WATFORD, Circuit Judges, and RAYES,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

1

Appellant Sharon Petersen appeals from the district court's order affirming the denial of Social Security disability insurance benefits. Petersen applied for disability insurance benefits in January 2013, alleging disability beginning October 10, 2011, due to neck and left shoulder injuries she sustained while working as a nursing assistant, weakness in her left hand, post-traumatic stress disorder, and depression. Petersen contends that, in denying her application, the administrative law judge ("ALJ") improperly discounted her testimony about her symptoms and limitations and erred in weighing the various medical opinions in the record. Petersen argues that the ALJ consequently failed to properly assess her residual functional capacity ("RFC") and erred by concluding that Petersen could perform other work in the national economy despite her impairments. Lastly, Petersen contends that new medical evidence submitted by her to the Appeals Council shows that the ALJ's decision is not supported by substantial evidence.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo, but consider only those issues raised by the party challenging the ALJ's decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's disability determination will be "upheld unless it contains legal error or is not supported by substantial evidence." *Orn*, 495 F.3d at 630. We affirm.

The ALJ provided the requisite specific, clear, and convincing reasons for finding Petersen's symptom testimony "not entirely credible." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) ("[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.").[1]  The ALJ sufficiently identified inconsistencies between Petersen's testimony and the objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").  The ALJ also properly relied on evidence that Petersen gave poor or inconsistent effort on examinations, and of inconsistencies between Petersen's reports to her medical providers and those

---

[1] At the time of the ALJ's decision, Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (July 2, 1996), governed evaluations of claimant symptom testimony.  Effective March 16, 2016, however, the Social Security Administration rescinded SSR 96-7p and eliminated the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).  Because the prior ruling was in effect at the time of the ALJ's decision, the ALJ was bound to follow it. *See* 20 C.F.R. § 402.35(b)(1).  Moreover, SSR 16-3p's changes were stylistic, and the new ruling remains consistent with Ninth Circuit precedent existing at the time of the ALJ's decision. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Accordingly, the ALJ's use of the word "credibility" is not, in and of itself, error, both because the ALJ was bound to follow the ruling in effect at the time she rendered her decision, and because the new ruling does not alter the pre-existing standards in the Ninth Circuit for evaluating a claimant's symptom testimony.

providers' observations. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (noting that ALJ's rejection of claimant's symptom testimony was supported by evidence that claimant "appeared not to exert adequate effort during testing"). Further, the ALJ properly relied on evidence that Petersen's pain and symptoms were controlled with medication and treatment. *See Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

The ALJ did not err in weighing the various conflicting medical opinions. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (discussing standards for weighing competing medical opinions); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted[.]" (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (noting that physician's opinion that claimant could not work for a limited period of time was not indicative of "claimant's long-term functioning"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative."); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Although Petersen offers an alternative, more favorable

4

interpretation of the competing medical opinion evidence, it is the ALJ's rational interpretation that controls. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ did not err in assessing Petersen's RFC or in posing hypothetical questions to the vocational expert during the administrative hearing. The ALJ's RFC and hypothetical questions "took into account those limitations for which there was record support." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Nor was the vocational expert's testimony inconsistent with the Dictionary of Occupational Titles ("DOT"). Neither the vocational expert nor the DOT indicated that both hands were needed at all times to perform the jobs of house sitter and film touch-up inspector, and the surveillance-system monitor position requires no reaching, handling, or fingering. *See* DOT job description for Surveillance-System Monitor, 379.367-010, 1991 WL 673244 (1991).

The new medical evidence Petersen submitted to the Appeals Council does not affect the ALJ's disability determination and does not warrant remand because the new evidence post-dates the period under review, is not retroactive to that period, and therefore would not reasonably affect the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before

the ALJ's decision."); *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (explaining that new evidence is "material" under 42 U.S.C. § 405(g) if it "'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination'" (alterations in original) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984))).

**AFFIRMED.**