**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN C. MOSELEY, | No.   17-16779 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-2294-GMS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 15, 2019**
San Diego, California

Before:  HURWITZ, OWENS, and LEE, Circuit Judges.

Shawn C. Moseley appeals a district court judgment affirming the Commissioner's denial of an application for Social Security Disability Insurance ("SSDI").  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.

1. Substantial evidence supports the finding by an administrative law judge ("ALJ") that Moseley's testimony about his symptoms was inconsistent with the medical record. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (stating standard of review). Nor did the ALJ err in considering Moseley's demeanor while testifying as "one among many" factors bearing upon credibility. *See Orn v. Astrue*, 495 F.3d 625, 639–40 (9th Cir. 2007). Even assuming that the ALJ erred in assessing the relevance of Moseley's daily activities to his claimed symptoms, any error was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (applying "harmless error standard where one of the ALJ's several reasons supporting an adverse credibility finding was held invalid").

2. Substantial evidence also supports the ALJ's assignment of "minimal weight" to treating physician Dr. Rappoport's opinions. Dr. Rappoport's clinical reports cited "normal," "clean," and "pristine" MRIs, as well as Moseley's positive responses to therapy. The most recent objective medical evidence in the record corroborated the MRI results. And because "the ALJ determined that [Moseley's] description of [his] limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

3. Substantial evidence supports the ALJ's finding that the opinion of examining psychologist Dr. Hurd was at odds with the medical record. Substantial

evidence also supports the ALJ's assessment of Moseley's symptoms as more moderate than found by examining psychologist Dr. Teed. The ALJ did not err in considering "the frequency of examination" in evaluating these medical opinions. 20 C.F.R. § 404.1527(c)(2)(i).

4. The ALJ erred by declining to credit the Veteran Administration's 70% disability rating because of differences between SSDI and VA disability criteria. *See Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 695 (9th Cir. 2009). But, any such error was harmless, as the ALJ also cited new evidence unavailable to the VA and noted the VA's reliance on evidence to which the ALJ assigned less weight. *See id.*

5. The ALJ provided a germane explanation in evaluating the testimony of Moseley's spouse, finding her description of Moseley's symptoms inconsistent "with the preponderance of the opinions and observations by medical doctors in this case." *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). To the extent the ALJ erred by also considering the spouse's relationship to Moseley or her lack of medical training, any error was harmless. *See Carmickle*, 533 F.3d at 1162.[1]

---

[1] We need not consider whether the ALJ erred by failing to assess the severity of certain limitations at step two of the disability framework, *see* 20 C.F.R. § 404.1520(a), because the ALJ considered all of Moseley's limitations at step four.

6.  The approval by the Commissioner of Moseley's subsequent application for SSDI does not warrant remand in this case.  In the subsequent award, the ALJ expressly noted that it was based on a showing of "changed circumstances" since the period covered by the prior application.   There is thus no "reasonabl[e] possibility that the new evidence would have changed the outcome of the [initial] determination."  *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984)) (first alteration in original).

**AFFIRMED**.

---

*See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  We also do not address Moseley's arguments about the opinions of nonexamining physicians Drs. Keer, Schenk, Sauk, and Pereyra, because he raised these arguments in the district court only in a footnote.  *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996); *see also Elmore v. Colvin*, 617 F. App'x 755, 757 n.1 (9th Cir. 2015) (unpublished).