**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL EVAN KELLEY,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-16775

D.C. No. 3:21-cv-08016-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted October 20, 2023[**]
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Michael Evan Kelley appeals the district court's order affirming the

Commissioner's final decision, as set forth in the Administrative Law Judge's

("ALJ") decision and affirmed by the Appeals Council, denying Kelley's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order affirming the agency's denial of Social Security disability benefits. *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022). We must "affirm the ALJ's findings of fact if they are supported by substantial evidence and if the ALJ's decision was free of legal error." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (citations omitted). Because the ALJ's decision satisfies this standard, we affirm.

1. Kelley argues that the ALJ erred at step two by finding that his mental health impairments were not severe. Even if the ALJ erred at step two, it was harmless. Step two is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). If a claimant is found to have a single severe impairment at step two, the ALJ proceeds to step three. *McCartey v. Massanari*, 298 F.3d 1072, 1074 n.6 (9th Cir. 2002). An additional severe impairment has no impact on an ALJ's residual functional capacity ("RFC") analysis because the ALJ is required to consider all the claimant's impairments, regardless of severity. *Buck*, 869 F.3d at 1049. Because the ALJ determined that Kelley had the severe impairments of degenerative disc disease with nerve root impingement and gout at step two, Kelley was not

2

prejudiced by the ALJ's finding that his mental health impairments were non-severe. *See id.* Therefore, even if the ALJ erred, it was harmless error.

2.    The ALJ gave clear and convincing reasons supported by substantial evidence for discounting Kelley's symptom testimony. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). The ALJ explained how the evidence conflicted with Kelley's testimony on the intensity, persistence, and limiting effects of his symptoms. This evidence included Kelley's substantial daily activities, prior inconsistent statements, and objective medical evidence that showed unremarkable and normal findings. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("To assess a claimant's credibility, the ALJ may consider . . . 'ordinary techniques of credibility evaluation,' 'inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' and 'the claimant's daily activities.'" (citation omitted)). Accordingly, the ALJ supported his decision to discount Kelley's subjective testimony with specific, clear, and convincing reasons.

3.    The ALJ's RFC analysis articulates why he found medical opinions persuasive and why he rejected certain evidence, and these conclusions were supported by substantial evidence.

Kelley first argues that the ALJ failed to adequately consider the medical opinions of state agency psychological consultants who assigned him a more limited RFC.  This argument is without merit.  The ALJ found that these opinions failed to consider a substantial amount of subsequently developed evidence and that these opinions were inconsistent with other evidence, such as Kelley's numerous normal mental status examinations and frequent denials of limited functions.  This analysis, considering supportability and consistency, was sufficient under the regulations.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ also found persuasive two state agency medical consultants who opined that Kelley had a medium RFC.  This conclusion was also supported by substantial evidence.  The ALJ reasonably found that Kelley's substantial activities and normal consultative examination were consistent with these medical opinions and noted that both doctors considered more (and more recent) objective medical evidence than that considered by state agency medical consultants who assessed a more restrictive RFC.  *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his

4

interpretation thereof, and making findings." (internal quotation marks and citation omitted)).

Kelley also argues that the ALJ failed to discuss probative evidence in his RFC analysis. The ALJ did not err. While Kelley identifies certain impairments the ALJ did not expressly mention in his RFC analysis, he fails to explain how these impairments "correspond to limitations on [his] ability to perform basic work activities." *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1229 (9th Cir. 2009). As to other evidence identified by Kelley, such as his record of pain management, the ALJ provided a sufficient explanation for rejecting it. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (An ALJ "must explain why significant probative evidence has been rejected." (citation omitted)).

4.      Finally, Kelley argues that an award of SSI benefits in a subsequent application, finding Kelley disabled with an onset date of March 6, 2020, is inconsistent with the ALJ's finding that the claimant was not disabled as of December 31, 2019, as to his application for Disability Insurance Benefits.[1] There is no inconsistency. The date that Kelley was found disabled in the subsequent application was three months after the date the ALJ found Kelley not disabled. Kelley's subsequent application included new evidence that was not relevant to the

---

[1] Kelley's motion to take judicial notice of an award of SSI benefits and the Commissioner's motion to take judicial notice of the agency's disability determination explanation for that award are both granted.

period of disability considered in the prior application, which explains the different findings of disability. Therefore, remand is not warranted. *See Booz v. Sec'y of Health & Hum. Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984).

**AFFIRMED.**