**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUN G. ALLEN, | No. 22-35056 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05003-SKV |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted March 29, 2023**
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,*** Chief District Judge.

Shaun Allen appeals from the district court's order affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Philip S. Gutierrez, Chief United States District Judge for the Central District of California, sitting by designation.

Commissioner of Social Security's denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo and uphold the Commissioner's decision unless it is not supported by substantial evidence or is based on legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). For the following reasons, we affirm.

1.      The ALJ's decision to discredit Dr. Gritzka's opinion on Allen's physical limitations is supported by substantial evidence. Because Allen filed his disability claim on September 24, 2018, the ALJ correctly applied the 2017 revised Social Security Administration regulations in evaluating Dr. Gritzka's opinion. *See id.* at 789 (explaining that the revised regulations apply to claims filed on or after March 27, 2017). As required, the ALJ considered both the "supportability" and "consistency" of Dr. Gritzka's opinion, *see* 20 C.F.R. § 404.1520c(a); *Woods*, 32 F.4th at 791–92, finding it unpersuasive because while the opinion was supported by examination notes, it was "not consistent with the longitudinal evidence of record."

Specifically, Dr. Gritzka opined that Allen had significant restrictions on how long he could sit, stand, and walk; on the amount of weight he could lift and carry; and on the amount of rest breaks and absences from work Allen would need. However, the ALJ found those opinions to be inconsistent with objective medical evidence showing mild back spasms, mild lumbar spine degenerative changes, hip

strength of 4-/5, periods of normal gait, negative straight leg testing, "improved" lumbar radiculopathy, and improvement from surgical intervention and physical therapy. The ALJ also found the opinion inconsistent with Allen's own statements about his ability to do some house chores and travel by car. Taken together, the ALJ reasonably concluded that the mild medical evidence was inconsistent with Dr. Gritzka's opinion about more severe functional limitations. *See Woods*, 32 F.4th at 793 n.4, 793–94 (holding that an ALJ did not err in discounting a medical opinion that was "supported" but not "consistent").[1]

2. The additional medical evidence that Allen submitted to the Appeals Council does not affect the ALJ's disability determination. The ALJ made the determination through April 20, 2020, but the new treatment records were dated between May 22 and August 27, 2020, and did not indicate that they related back to the disability period. Allen does not argue that the evidence was retroactive; he argues only that evidence showed that "as time went on," the record tended to support Dr. Gritzka's opinion. Further, the medical records note imaging results showing mild to moderate physical issues, but do not describe functional

---

[1] Allen also argues that in discrediting Dr. Gritzka's opinion, the ALJ should not have itself interpreted the medical record, but rather should have relied on an interpretive opinion. That argument has no weight. *See Woods*, 32 F.4th at 792–93 (holding that substantial evidence supported the ALJ's decision to find a medical opinion unpersuasive based on the ALJ's evaluation of the medical record). In fact, Allen concedes that an ALJ may rely on the medical record.

limitations that would undermine the ALJ's residual functional capacity determination of sedentary work with limitations, 20 C.F.R. § 404.1567(a). Allen is thus not entitled to a remand based on the new medical evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (holding that claimants can submit new and material evidence to the Appeals Council and require it to consider the evidence, "so long as the evidence relates to the period on or before the ALJ's decision"); *cf. Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (noting that new evidence is "material" under 42 U.S.C. § 405(g) if it "'bears directly and substantially on the matter in dispute,' and if there is a 'reasonable possibility that the new evidence would have changed the outcome of the determination'" (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (cleaned up)).

**AFFIRMED.**